■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN BOSTON, Appellant. [816 NYS2d 469]—

Judgment, Supreme Court, New York County (Jeffrey M. Atlas, J.), rendered June 29, 2004, convicting defendant, upon his plea of guilty, of attempted criminal possession of a forged instrument in the second degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

The court properly exercised its discretion in denying

defendant's motion to withdraw his guilty plea (*see People v Frederick*, 45 NY2d 520 [1978]). The gist of the motion was that counsel was allegedly ineffective for failing to obtain a disposition involving a drug program rather than a prison sentence. However, we find that counsel obtained the most lenient disposition available, and provided defendant with effective assistance under the state and federal standards (*see People v Ford*, 86 NY2d 397, 404 [1995]; *see also Strickland v Washington*, 466 US 668 [1984]). To the extent that defendant is arguing on appeal that he was misled by his attorney, or otherwise under the misapprehension, that under the terms of his plea the court could permit him to enter a drug program, that claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be refuted by the record of the plea allocution, in which the court clearly advised defendant as to the sentence he was going to receive. Moreover, even at sentencing, defendant acknowledged that he understood he could not enter a drug program without the People's consent, which was not forthcoming. Finally, we find no merit to defendant's argument that the court should have assigned new counsel. Concur—Tom, J.P., Saxe, Friedman, Sullivan and McGuire, JJ.